TRINA A. HIGGINS, United States Attorney (#7349)
VERNON G. STEJSKAL, Assistant United States Attorney (# 8434)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. INNOCENTE ROGER RAMIREZ, Defendant. | Case No.  22-mj-00605 DBP COMPLAINT Count 1: 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute Methamphetamine ( >500 grams) Count 2: 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute Heroin ( >1 kilogram) Count 3: 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute Cocaine ( >5 kilograms) Count 4: 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute Fentanyl Count 5: 18 U.S.C. § 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking Crime Magistrate Judge Dustin B. Pead |

Before the Honorable Dustin B. Pead, Chief United States Magistrate Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

COUNT 1
21 U.S.C. § 841(a)(1)
(Possession With Intent to Distribute Methamphetamine)

On or about August 30, 2022, in the District of Utah,

INNOCENTE ROGER RAMIREZ,

defendant herein, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. § 841(a)(1), and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

COUNT 2
21 U.S.C. § 841(a)(1)
(Possession with Intent To Distribute Heroin)

On or about August 30, 2022, in the District of Utah,

INNOCENTE ROGER RAMIREZ,

defendant herein, did knowingly and intentionally possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of Heroin, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

## COUNT 3
21 U.S.C. § 841(a)(1)
(Possession with Intent To Distribute Cocaine)

On or about August 30, 2022, in the District of Utah,

INNOCENTE ROGER RAMIREZ,

defendant herein, did knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

## COUNT 4
21 U.S.C. § 841(a)(1)
(Possession with Intent To Distribute Fentanyl)

On or about August 30, 2022, in the District of Utah,

INNOCENTE ROGER RAMIREZ,

defendant herein, did knowingly and intentionally possess with intent to distribute Fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 5
18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about August 30, 2022, in the District of Utah,

INNOCENTE ROGER RAMIREZ,

defendant herein, knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is Possession with Intent to Distribute Methamphetamine, as charged in Count 1 of this complaint and incorporated herein, a violation of 21 U.S.C. § 841(a)(1); all in violation of 18 U.S.C.§ 924(c)(1)(A).

This complaint is made on the basis of investigation consisting of the following:

1. Your affiant, Special Agent Hector Funes, with Homeland Security Investigations (HSI), being duly sworn under oath, do hereby depose and state, I am a Special Agent with HSI, assigned to the HSI Salt Lake City, Utah office. Your affiant has been employed as a Special Agent since August 2020. In 2021, your affiant graduated from the 12-week Criminal Investigator Training Program located at the Federal Law Enforcement Training Center. Additionally, in 2021, your affiant graduated from the 12-week Immigration and Customs Enforcement Special Agent Training program also at the Federal Law Enforcement Academy. The 24-week course curriculum included criminal law involved in many facets of criminal investigations, drug identification, physical surveillance, preparation for prosecution, Fourth Amendment searches, drafting search warrant affidavits and what constitutes probable cause. During my tenure as a criminal investigator, your affiant has participated as a case agent and support agent in numerous investigations covering various areas of criminal law. During these investigations, your affiant has

participated in interviewing witnesses and cooperating sources regarding these various crimes, and your affiant has read official reports of similar interviews by other officers. Your affiant has participated in surveillance operations, observing and recording movements of persons involved in criminal activity. In the course of my work, I have been part of numerous drug related cases. During those operations I have seized various types of illegal narcotics, including heroin and methamphetamine, interacted and spoken with defendants, participant witnesses and informants, who have personal knowledge of the transporting, laundering, and the concealing of proceeds of narcotic sales. I have investigated several types of narcotics cases from street level drug dealers to larger drug trafficking organizations. Your affiant has authored search warrants, seizure warrants, tracking warrants, pen registers, and other court orders in furtherance of criminal investigations your affiant has participated in. As a federal agent, your affiant is authorized to investigate violations of laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

2. This affidavit does not contain all of the information known to me or to law enforcement regarding this investigation, but rather contains only those facts believed to be necessary to obtain authorization to arrest INNOCENTE ROGER RAMIREZ (hereinafter, "RAMIREZ"). Information developed to date as a result of my investigation and the investigation of others revealed the following facts.

1. Beginning in August 2022, Homeland Security Investigations (HSI), Office of the Assistant Special Agent in Charge in Salt Lake City (ASAC/SLC) agents working with full-time task force officers (TFO's) from the Utah County Major Crimes (UCMC) began an investigation into RAMIREZ.

2. In August of 2022, at the direction of HSI Special Agents (SA's) and UCMC TFO's a confidential source of information (CI) placed a call to a Mexican drug trafficking organization (DTO) dispatch line in order to purchase one (1) pound of methamphetamine.

3. The CI was instructed by the DTO to meet in the area of the Home Depot, located at 4581 S 4000 W, West Valley City, Utah. Prior to the controlled buy, the CI and CI's vehicle were searched for contraband, and none was found.

4. During the controlled buy, law enforcement maintained surveillance and observed the controlled buy from afar. After the CI purchased the methamphetamine, the CI met law enforcement at a predetermined location where the methamphetamine, approximately 450 grams, was recovered and tested, and it tested positive for the presence of methamphetamine.

5. At the same time, HSI SA's and UCMC TFO's conducted surveillance and followed the individual, later identified as RAMIREZ, who had sold the CI the methamphetamine. RAMIREZ was observed driving a 2011 GMC Sierra. RAMIREZ was then observed arriving at a residence located on Meadowbrook Drive in West Valley City, Utah.

6. Based on their investigation, UCMC TFO's applied for and were granted a tracker warrant on the GMC Sierra which was monitored for approximately one week. During this time, law enforcement also conducted physical surveillance on RAMIREZ and his vehicle.

7. During the physical surveillance, RAMIREZ was witnessed entering a storage unit, unit DD19, located on Warm Springs Road in Salt Lake City, Utah. RAMIREZ was witnessed inputting the gate code to the storage center, unlocking the storage unit, and driving his vehicle into the unit.

8. On August 30, 2022, law enforcement sought and obtained a state search warrant authorizing them to search RAMIREZ's residence on Meadowbrook Drive, the GMC Sierra, and his storage unit, DD19, on Warm Springs Road.

9. That same day, law enforcement executed the search warrants.

10. During the execution of the search warrant of storage unit DD19 on Warm Springs Road, law enforcement seized the following:

    a. approximately twenty-two thousand eight hundred (22,800) grams of methamphetamine (including the packaging) which tested positive for the presence of methamphetamine;

    b. approximately fifteen thousand two hundred (15,200) grams of heroin (including the packaging) which tested positive for the presence of heroin;

    c. approximately five thousand nine hundred and fifty (5,950) grams of cocaine (including the packaging) which tested positive for the presence of cocaine;

    d. approximately five thousand (5,000) fentanyl pills which tested positive for the presence of fentanyl; and

    e. seventeen (17) firearms, two of which were confirmed to have been stolen.

11. During the execution of the search warrant at Ramirez's residence on Meadowbrook Drive, law enforcement seized the following:

    a. two (2) firearms;

    b. Drug paraphernalia including packaging material.

12. That same day, a traffic stop was conducted and RAMIREZ was taken into custody. RAMIREZ, post-*Miranda*, agreed to speak with law enforcement. RAMIREZ stated that he knew that he was in trouble and only started distributing narcotics because he needed money. RAMIREZ stated that he would take the packaging material found at his house to repackage his product at a different location. RAMIREZ stated that he got into distributing and holding narcotics through an acquaintance. RAMIREZ stated that he would be instructed on where to drop off narcotics in the Salt Lake Valley. When asked about the firearms located in his residence, RAMIREZ stated that he possessed the firearms in his residence because he was worried about any repercussions that could arise as he was dealing and distributing in narcotics.

13. Based on the aforementioned facts, I believe there is probable cause that RAMIREZ committed the offenses of Title 21, United States Code, Section 841, Possession of Methamphetamine with Intent to Distribute, Possession of Heroin with Intent to

Distribute, Possession of Cocaine with Intent to Distribute, and Possession of Fentanyl with Intent to Distribute, and Title 18, United States Code, Section 924(c) for Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

14. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Further, based on the foregoing information, your affiant respectfully requests that the complaint and warrant of arrest be issued for RAMIREZ for the violations of law described in this complaint.

_____
Affiant
Special Agent Hector Funes
Homeland Security Investigations

SUBSCRIBED AND SWORN to before me via video-teleconference this 31st day of August, 2022.

_____
DUSTIN B. PEAD
U.S. Magistrate Judge
District of Utah

APPROVED:

TRINA A. HIGGINS
United States Attorney

 /s/ Vernon Stejskal
VERNON G. STEJSKAL
Assistant United States Attorney